IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS J. RAYMOND, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-011-RGA |
| THOMAS LOONEY, et al., | : | |
| Defendants. | : | |

Thomas J. Raymond, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

## **MEMORANDUM OPINION**

April 17, 2012
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Thomas J. Raymond, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Plaintiff alleges that on March 21, 2003, he was brutally beaten until unconscious by Defendant Wilmington Police Officer Sgt. Thomas Looney. (D.I. 3.) He also names as defendants individuals who witnessed the incident. (D.I. 7.) Plaintiff seeks compensatory and punitive damages. Plaintiff has filed numerous motions, including requests for counsel, for injunctive relief, to compel, to amend, and to consolidate his civil cases.[1] (D.I. 16, 26, 29, 30, 32, 33, 34, 35, 36, 45, 49, 52.) Following the March 21, 2003 incident, Plaintiff was charged with two counts of second degree assault of a law enforcement officer, three counts of offensive touching, resisting arrest, and possession of drug paraphernalia. Following a January 16, 2006 bench trial, Plaintiff was convicted of second degree assault, resisting arrest, criminal impersonation, and possession of drug paraphernalia. *See Raymond v. State*, 919 A.2d 562 (Del. 2007).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). The Court must accept all factual allegations in a

---

[1] Plaintiff has filed a dozen or more civil actions beginning with the instant complaint.

complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a

claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint raises claims pursuant to 42 U.S.C. § 1983 for acts that occurred in 2003. Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint was signed on November 2, 2011. The envelope it was mailed in is postmarked January 3, 2012. Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the

3

affirmative defense of statute of limitations is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. 2008); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006).

The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule" which deems a complaint filed as of the date it was delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings, *see Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998), and this Court has extended the mailbox rule to *pro se* § 1983 complaints, *Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002). Giving Plaintiff the benefit of the doubt, the earliest the complaint could be considered to have been filed is November 2, 2011.

Plaintiff's claims arose in 2003, but the complaint was not filed until November 2011. It is thus evident from the face of the complaint that Plaintiff's claims are barred by the applicable two-year limitation period. Accordingly, the Court will dismiss the Complaint as time-barred pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915A(b)(1).

Plaintiff seeks release from custody and moves to amend to add claims that the State of Delaware withheld discovery during his criminal trial. (D.I. 33, 34.) To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v.*

*Thompson,* 435 F. App'x 56 (3d Cir. 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by *Heck,* and it does not appear that he could do so. To the extent Plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *See Neitzke,* 490 U.S. at 326.

The Court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of the Complaint is futile. All pending motions (D.I. 16, 26, 29, 30, 32, 33, 34, 35, 36, 45, 49, 52) will be denied as moot.

An appropriate order will be entered.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2012
Wilmington, Delaware

5